UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CLIFTON,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL CALIFORNIA WOMENS FACILITY HEALTH CARE, et al.,<br><br>    Defendants. | Case No. 23-cv-00326-TLT<br><br>**ORDER OF DISMISSAL** |

Plaintiff Daniel Clifton, a former California Department of Corrections and Rehabilitation (CDCR) prisoner, filed this civil rights action while he was incarcerated at the Central California Women's Facility (CCWF). ECF 1. Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). The complaint will be dismissed for failure to state a claim.

Plaintiff's non-prisoner application to proceed *In Forma Pauperis* (IFP) will be granted by separate order.

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

[("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (instructing courts to "incorporate[ ] the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6)" when assessing the sufficiency of an IFP pleading under § 1915(e)(2)(B)(ii)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     Analysis**

Plaintiff names CCWF and Dr. Dev Gurjala as defendants. The complaint alleges:

> On January 17th 2022, I underwent a double bilateral mastectomy due to my gender dysphoria. The surgery was performed by Dr. Dev Gurjala with Align Medical Associates out of San Francisco Ca. The surgery itself went without incident [but] I received no aftercare. Finally on the 3rd of August, I had a follow-up with the surgeon on tela-med. The appointment was short as the surgeon said everything looked fine and I had several complaints and was NOT happy.
>
> One breast is over ¼ inch larger than the other, when the nipple [grafts] were replaced, the left one is further back and higher than the right which is fairly centered and lower than the other. The scars, instead of being under my breasts, they go a few centimeters below the nipples and are not symmetrical nor are they equally aligned with each other—the left side is noticeably higher.
>
> When I remove my shirt, I am extremely unhappy with what I see, therefore I keep my shirt on all the time.
>
> I originally had the surgery so as to feel more comfortable with myself, instead I am more uncomfortable. The outcome is causing me more distress than the original gender dysphoria did.

ECF 1 at 2-3. Plaintiff seeks compensation for mental distress and "to have the mastectomy repaired as much as possible." *Id.* at 3.

1   First, CCWF is not an appropriate defendant. It is not a "person" within the meaning of section 1983, see *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996), and it is a subdivision of CDCR, which has immunity from section 1983 suit under the Eleventh Amendment as a state agency. *See, e.g., Fortson v. Los Angeles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (Calif. Bureau of Firearms entitled to 11th Amendment immunity); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003). State agencies may only be sued in private actions for damages or injunctive relief where the state has waived immunity or there has been a valid congressional override, neither of which applies to section 1983 suits against the state of California. *Brown*, 554 F.3d at 752.

Second, while private doctors who provide medical care to prisoners may be sued under section 1983, see *West v. Atkins*, 487 U.S. 42, 55-56 (1988), plaintiff has not stated a constitutional violation. Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Plaintiff's gender dysphoria is a serious medical need. *Edmo v. Corizon*, 935 F.3d 757, 785 (9th Cir. 2019), *reh'g en banc denied by* 949 F.3d 489 (9th Cir. 2020). But defendant Dr. Gurjala took steps to treat it by performing plaintiff's surgery. To establish deliberate indifference, "there must be a purposeful act or failure to act on the part of the defendant." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "Under this standard, an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47

3

F.4th 927, 934 (9th Cir. 2022). "Even medical malpractice by itself would be insufficient to establish a constitutional violation." *Id.* Plaintiff's allegation that Dr. Gurjala told him that "everything looked fine" does not rise to the level of deliberate indifference. The case law involving gender confirming surgery addresses prisons officials' or doctors' refusals to provide the surgery to prisoners at all, not the failure to provide a revision to the surgery. The nexus between gender dysphoria and the harm from not receiving a correction to a gender confirming surgery, while present, is more attenuated than the nexus between gender dysphoria and the harm from not receiving gender confirming surgery in the first place. Even if a failure to provide a correction or revision to top surgery in prison constitutes an Eighth Amendment violation, plaintiff has not pleaded facts indicating that the defendant, an outside doctor, and not a CCWF prison official, is responsible for the failure to provide aftercare or a follow-up surgery.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 27, 2023

TRINA L. THOMPSON
United States District Judge